PER CURIAM.
On the basis of our review of the briefs and the record on appeal we are of the opinion that the defendant has failed to make error clearly appear. Although we affirm the trial court’s determination in all respects including the finding that plaintiff earned a managerial sales commission in connection with the sale of defendant’s property, we are however of the view that the amount of the commission fixed by the trial court was in error. The final judgment reflects a finding of fact that the commission to be paid to the plaintiff was as follows:
“ . . . [O]n a weekly salary basis and a managerial commission basis of li/2% override commission of the first $100,000 in property sales sold through his office and/or a salesman working out of his office; 2% of all property sales in excess of $100,000; and 3% of all property sales over $200,000.”
•The final judgment however went on to conclude “that the plaintiff was entitled to a 1% commission”. Having found that the plaintiff had performed in accordance with his agreement the amount of recovery should have been based upon the terms of the employment as heretofore set forth. See Community Cablecasting Corp. v. Daniels & Assoc., Inc., Fla.App.1968, 215 So.2d 17; Abbott v. Tec-Mill & Supply, Inc., Fla.App.1965, 178 So.2d 881; Golden Heights Land Co. v. Norman Babel Mtg. Co., Fla.App. 1958, 102 So.2d 858.
Accordingly, the final judgment is reversed, in part, and the cause is remanded to the trial court with directions to enter a judgment in favor of the plaintiff in accordance with the percentages applicable to the transaction. In all other respects the final judgment is affirmed.
WALDEN, CROSS and MAGER, JJ., concur.