HENDRY, Judge.
Appellant, attorney for the purchasers in a real estate transaction, filed this suit to recover $14,235.46 inadvertently overpaid to the sellers at closing.
In February, 1977, five individuals entered into a contract with appellee Treister and others to purchase an office building for the sum of $825,000. A purchase money mortgage in the amount of $600,000 was arranged; the purchasers were to be credited for taxes, prepaid rent and security deposits. On the closing statement, the amount of the security deposits and taxes, $14,235.46, was subtracted from the $600,-000 mortgage figure, but no credit for that amount appeared in the purchasers’ column, effectively increasing the purchase price to $839,235.46.
Six months later the purchasers discovered the error and demanded reimbursement. Appellee offered to deduct the sum from final mortgage payments. The purchasers’ attorney, appellant, refused the offer and instituted suit to recover the overpayment. Appellant then paid the purchasers the $14,-235.46, took an assignment of their claim, and was substituted as the plaintiff. Following a non-jury trial, the court entered final judgment in appellant’s favor for $8,500, together with costs, but without interest or attorney’s fees. The court denied appellant’s motion for rehearing and appel-lee’s motion to amend. These rulings generated the appeal by Richard and a cross-appeal by Treister.
Appellant, noting that the lower court held there was a mistake of fact concerning the $14,235.46, argues that the court lacked the power to compromise the amount. He also challenges the trial court’s failure to award interest or attorney’s fees despite a specific term in the contract for sale providing for such fees in the event of litigation. We agree with appellant on each of these points.
The record confirms that a mistake occurred in the closing documents, leading the purchasers to overpay. The closing statement failed to take account of the credit for taxes and security deposits, resulting in a purchase price of $839,235.46 rather than the intended price of $825,000. Additionally, the parties’ correspondence shows that the sellers recognized their windfall and offered to reduce the final mortgage payments by that amount.
Once it was shown that appellee received an overpayment, the burden of proof was on appellee to demonstrate his right to the funds:
When the fact is proved that one has money received from another, if the recipient cannot show a legal and equitable ground for retaining it, the law creates the privity and promise necessary to sustain the action for money had and received. And it is settled that money paid under a mistake of facts may be so recovered, it being considered unconscionable that money so paid should be detained from the payor on his discovery of the mistake and demand for the money’s return.
First State Bank of Fort Meade v. Singletary, 124 Fla. 770, 169 So. 407, 408 (1936); Ferguson v. Cotler, 382 So.2d 1315, 1316 (Fla. 5th DCA 1980). Accord, Central Bank and Trust Company v. General Finance Corp., 297 F.2d 126 (5th Cir. 1961).
*103 Appellee received an overpayment and offered no lawful or equitable reason for retaining the money. We conclude that the record amply supports the claim and the trial court properly entered judgment for appellant.
We are unable to determine, however, why the trial judge awarded only $8,500 to appellant. Having concluded that a mistake occurred, the lower court had no grounds for reducing the amount of the recovery, particularly when, as here, both sides agreed that the judgment had to be for the entire amount claimed or nothing at all. Accordingly, the judgment must be reversed and remanded to award appellant the full recovery sought.
Having ruled in the appellant’s favor, the trial judge should also have awarded appellant reasonable attorney’s fees in accordance with the contract which provided that “in connection with any litigation arising out of the contract, the prevailing party shall be entitled to recover all costs incurred including reasonable attorneys fees.”
An action to recover an overpayment at closing is plainly “litigation arising out of the contract.” See Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967) (an agreement to pay a stated consideration for property survives delivery of the deed at closing). As the prevailing party, appellant was irrefragably entitled to receive attorney’s fees. Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA 1981) (courts have no discretion to decline to enforce provisions in contracts for awards of attorney fees, any more than any other contractual provision). Accord, Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980).
The judgment should also have included interest from the date of institution of this suit. First State Bank of Fort Meade v. Singletary, supra, (in suit to recover overpayment of interest, recovery should be for amount of overpayment with interest from date of demand or institution of suit). See generally, Parker v. Brinson Construction Co., 78 So.2d 873 (Fla.1955).
The judgment under review is reversed and remanded to the trial court with directions to enter a final judgment for appellant in the amount of $14,235.46 plus interest from the date of suit; and to assess reasonable attorney’s fees to be awarded appellant.
The cross-appeal is without merit.
Reversed and remanded with directions.