OWEN, WILLIAM C., Jr. (Retired) Associate Judge.
When the Hancocks’ marriage was dissolved, the judgment incorporated a written property settlement agreement. Ten months later, and pursuant to Rulé 1.540 Florida Rules of Civil Procedure, Mr. Hancock filed a motion to vacate the judgment alleging that the property settlement agreement had been procured by the wife’s fraud, misrepresentation or other misconduct. The former wife countered with a motion for a judgment for amounts then in default, together with attorneys fees. The court’s order on those motions denied Mr. Hancock’s motion to vacate and granted the former wife’s requested relief except for a portion of her attorney’s fees. Mr. Hancock appeals and the former wife cross-appeals.
The court denied the motion to vacate on the finding that the evidence was insufficient to support the allegations of the motion. Although appellant points to record evidence which would tend to support the allegations of the motion to vacate, we remind that the determination of the sufficiency of that evidence was properly a matter for the trial court. Appellant has not shown that determination to have been in error.
In awarding the wife an attorney’s fee, the court determined that a reasonable fee for the wife’s attorney was $1,000 but ordered that this amount be borne equally by the parties. The property settlement agreement, the provisions of which the court had incorporated into the final judgment, expressly provided that in the event *1047 of any default the party committing such default would be responsible for any attorney’s fees incurred as a result of an action for enforcement of the judgment. Since it was Mr. Hancock whose default necessitated the former wife’s action for enforcement of the judgment, and since the court has determined that the sum of $1,000 was a reasonable fee for the wife’s attorneys, the full amount of the fees should be assessed against the defaulting husband.
That part of the order assessing the wife’s attorneys fees against the husband is modified in accordance with this opinion. As modified, the order is affirmed.
ANSTEAD and HERSEY, JJ., concur.