PER CURIAM.
In its final judgment, the trial «court found that (1) the appellee, the prospective purchaser, had not been fraudulently induced into making the contract for the sale of real estate and that the contract was in all respects valid; (2) the appellee had, without justification, refused to close on the sale of the property; and (3) the prospective sellers were ready, willing and able to close' in accordance with the terms of the contract. It necessarily follows from these findings that pursuant to the express terms of the contract (if “the sale is not closed due to any default or failure on the part of the purchaser, purchaser shall be liable for the full amount of brokerage fee” and “[i]n the event it shall be necessary for the broker to enforce collection of the payment of the real estate brokerage fee, the purchaser shall be obligated to pay reasonable attorney’s fees and court costs to the broker”), the appellant-broker was entitled to judgment for its brokerage fee and an award of reasonable attorney’s fees. Having found that the appellee breached a valid and enforceable contract, the trial court was without authority to refuse to award the damages to the appellant called for by the plain and unambiguous terms of the contract. Richard v. Triester, 409 So.2d 101 (Fla. 3d DCA 1982); Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA 1981); Silver Blue Lake Apts. No. 3, Inc. v. Marson, 334 So.2d 48 (Fla. 3d DCA 1976); Treasure Cay Ltd. v. Gentile, 261 So.2d 569 (Fla. 4th DCA 1972). Accordingly, the cause is reversed with directions to enter judgment for Dubov Realty, Inc. for its brokerage fee plus reasonable attorney’s fees.
Reversed with directions.