### CRAIG REALTY v. BELL
No. 82-187 AP
Eleventh Judicial Circuit, Dade County, Appellate Division
September 26, 1983

Ronald E. Dobelstein, Krause, Reinhard, Pozen & Dobelstein, for appellant.

Mark R. Baer, for appellee.

Before TENDRICH, NEWMAN, SALMON, JJ.

SALMON, J.

The Appellant (the "Broker") was employed by the Appellee (the "Owner") to effectuate a sale of her home; she agreed that if the Broker obtained for her a ready, willing and able purchaser, she would pay the Broker a commission. The Broker found such a purchaser, a sales contract was signed, but the Owner refused to perform the sales contract.

The trial court found that the Broker had performed, and was entitled to damages, yet he awarded damages less than that agreed to by the parties. In failing to award the contracted for commission, six percent of the sales price, he was in error, *Treasure Cay Ltd. v. Gentile*, 261 So.2d 569 (4th DCA 1972).

The second point posed by the Appellant presents a different problem. The Broker claims that the sales contract entered into between the Owner and the Buyer procured the Broker (the "Sales Contract") provides that if the Seller fails to perform, and the Broker is forced to bring an action to collect its commission, the Owner shall pay the Broker its reasonable attorney's fees and court costs. In fact, the Sales Contract does contain that provision. My problem is that I find no such provision in the employment agreement between the Broker and Owner (the "Listing Agreement"). All services performed by the Broker were pursuant to the Listing Agreement; it set the terms of the employment, the responsibilities of the Broker and the obligations of the Owner with respect to the Broker.

The addition in the Sales Contract of a further obligation upon the Owner to the Broker to pay attorneys' fees and costs is not founded upon any consideration that has been suggested or that I can independently find. The Broker did nothing more than it was required to do pursuant to the Listing Agreement. Accordingly, I find no error in the trial judges refusal to award fees and costs.

Reversed, and remanded with instructions to enter judgment for Appellant in the sum of $2,472.00 plus interest provided by law.

Tendrich and Newman, J.J., concur.