OTT, Chief Judge.
The main issue presented in this appeal is whether a certain rent escalation clause, tied to the consumer price index, contained in condominium recreational facilities leases is unconscionable and therefore unenforceable under Florida contracts law. We affirm the order of the trial court finding that the lease provisions were not unconscionable.
Appellants’ second amended complaint alleged that recreational facilities leases between the parties were unconscionable because (1) they contain escalation clauses tied to the consumer price index; (2) unit owners pay all insurance, maintenance, repairs, taxes, and utilities for the facilities; (3) the lessor has the right to impose a lien on individual condominium units for failure to pay rent; (4) the escalation clause formula gives an excessive rate of return; (5) the leases were executed by the developer as both lessor and lessee. Appellee counterclaimed to collect past due escalated rent because unit owners had failed and refused to pay escalated rent.
Each side moved for summary judgment, asserting that there were no disputed issues of material fact. Appellants’ motion was denied; the lower court granted the motion of appellee and computed the amounts owed by each condominium association.
Appellants have not argued on appeal that section 718.401, Florida Statutes (1981),[1] is applicable.
The recreational facilities leases in question require each unit owner to pay $10.00 per month base rent. The rent is adjusted every five years according to changes in the consumer price index. The following formula, taken from the Villas Unit No. Four South lease, is used to compute rent adjustments in all of the leases:
For purposes of calculating additional rent due hereunder, if any, reference is made to the index number of retail commodity prices designated “Consumer Price Index — All Items” (1956 — 59 equals 100) prepared by Bureau of Labor Statistics of the United States Department of Labor.
On the dates herein prescribed at which the adjustment in rent is to be determined, the additional rent per an-num shall be computed as being the difference between the products derived by (a) multiplying the Index as of December 31, 1973, representing the average index of retail commodity prices for the month of December, 1973, by the minimum rental of $1,680.00 specified herein; and (b) multiplying the index as of December 31, of the year prior to the date on which the adjustment is to be made hereunder, representing the average of retail commodity prices for the month of December of said last prior year, by the amount of minimum rental of $1,680.00 specified herein. The difference between said products, if the result of multiplication derived at by Item (b) above exceeds that of Item (a) above, shall represent the additional rent per annum to be paid to Lessor in addition to the minimum rent of $1,680.00 which additional rent shall *1073 be divided into twelve (12) equal monthly installments to be payable hereunder until the next period of adjustment, in the same manner as is the minimum rent payable hereunder during each lease year.
Notwithstanding the foregoing provisions, it is specifically agreed that the minimum rent specified hereunder of $1,680.00 per annum, for full calendar years, shall never be reduced by reason of any adjustment made as specified in this Paragraph 29, and adjustment in minimum rent due hereunder shall only be made if the same constitutes an increase. However, if the determination made at the end of one period requires an increase in minimum rent, and the same determination made at the end of another period would require a decrease, the decrease in said additional rent would be applicable so long as the minimum rent is never reduced to a sum which is less than $1,680.00 per annum for any full calendar year during the term hereof.
Appellants argue that most lease formulas are based on percentage changes in the consumer price index rather than point changes. Appellee’s expert testified at deposition that the point rise formula was commercially acceptable. Appellants did not refute this testimony. We are unpersuaded by appellants’ argument that the formula is unworkable and unconscionable.
Appellants’ main contention on appeal is that the factors present in this case are virtually identical to those present in Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982), wherein our sister court held that a rent escalation clause was unenforceable. We find Steinhardt to be factually distinguishable. There, the rental was subject to a double escalation clause, one based on the consumer price index and one on devaluation of the dollar. Salespeople urged individual unit purchasers not to engage an attorney to represent them in their purchases. Unit purchasers were led to believe they were represented by an individual who in reality represented the developer. Finally, the base rent per unit owner in the instant case is only $10.00 per month.[2]
As stated by the court in Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA 1981),
There is nothing intrinsically unfair or unreasonable in a lease of recreational facilities to adjacent property owners as tenants which lease may contain an escalation of rent clause based upon some appropriate measure of increases in the cost of living.
The decision of the trial court is AFFIRMED.
BOARDMAN and LEHAN, JJ., concur.

. Section 718.401 declares void for public policy reasons the inclusion or enforcement of escalation clauses in condominium recreational facilities leases. This statute, effective June 4, 1975, has no application to pre-existing contracts. Fleeman v. Case, 342 So.2d 815 (Fla.1976).

. The total base rent in Steinhardt was $51,-480.00. This was to be paid pro rata by 119 condominium unit owners, or $36.00 each. Admittedly, neither the record in our case nor the Steinhardt opinion refers to the facilities or benefits enjoyed under the leases.