LEHAN, Judge.
Ten condominium associations and two cooperative associations filed suit for a declaration that rent escalation clauses (keyed to changes in the Department of Labor cost of living index) in their ground leases be declared invalid pursuant to section 718.-401(8)(a), Florida Statutes (1983), as to the condominium associations and section 719.-401(8) as to the cooperative associations. Those statutes, which provide that such escalation clauses are against public policy, were enacted in 1975 after these condominiums and cooperative associations were established and the escalation clauses were included in the ground leases. All of the associations appeal from the trial court’s order dismissing counts III through VI of the complaint. Count I, over which the trial court retained jurisdiction, deals with the associations’ request for a declaratory judgment as to what cost of living index applies inasmuch as the Department of Labor index referred to in the ground leases is no longer published. Count II was voluntarily dismissed. We affirm.
A ground for the dismissal of all of those counts was that they were barred by “the applicable Statute of Limitations and/or Latches [sic].” We need not address that ground because we conclude that the trial court’s various other grounds, described below, for dismissing the counts were valid.
Count III alleged that the condominium associations’ declarations, which provided only that they are “pursuant to the Condominium Act,” were amended in 1984 to provide that those declarations are governed by the Condominium Act of Florida “as the same has been and may be amended from time to time.” The ground leases provide that the condominium declarations are incorporated into the leases, and the associations argue that since the original so incorporated declarations specifically permitted amendments thereto in the manner in which they were in 1984 amended, the ground lease lessor, who drafted the leases, agreed to the terms of the amendments. Accordingly, the associations argue, the condominium ground leases are governed by section 718.401(8)(a), which was enacted in 1975, notwithstanding the establishment of the condominiums, and the escalation clauses in the ground leases, prior to 1975. We disagree with these arguments.
Angora Enterprises v. Cole, 439 So.2d 832 (Fla.1983), held that a condominium declaration which provided that it was governed by future amendments to the Condominium Act, was, in fact, governed *133 by such future amendments. It is true that Angora did not deal with the specific point involved here where the declarations were amended in the foregoing way after enactment of the statute, section 718.-401(8)(a), which purports to affect the leases into which the declarations were incorporated. However, we conclude that those amendments by the condominium associations, without the participation of the lessors in any amendment to the ground leases, were fundamentally unilateral actions by the associations which were not binding upon the lessors. See Midstate Hauling Co. v. Watson, 172 So.2d 262 (Fla. 2d DCA 1965). In Angora the Supreme Court pointed out that the declaration and the lease involved in that ease were signed by the developer and the condominium association, which contrasts with the unilateral amendment of the declarations by the associations in the case at hand. Accordingly, we cannot say that the trial court’s construction that the ground leases did not incorporate those amendments to the declarations was erroneous.
The associations also argue that a contract may be unilaterally amended by one party when the contract so provides. However, we need not address that argument because the governing contracts here, the ground leases, did not so provide. Simply from the incorporation of the declarations into the ground leases, we do not perceive in the ground leases an intention of the parties that the ground leases may be unilaterally amended by the associations.
Count IV alleged that the cooperative associations’ certificates of incorporation were incorporated into the ground leases and that since those certificates provided that each corporation was “authorized to exercise and enjoy all of the powers, rights, and privileges granted to ... corporations ... by the Laws of the State of Florida, now or hereafter in force,” the ground leases were subject to section 719.-401(8) enacted in 1975 which invalidates escalation clauses in ground leases. The certificates of incorporation did not refer to the provisions of chapter 719, regarding cooperatives, now or hereafter in force, only to the general corporation laws. This is in contrast to Angora where a pre-1975 declaration of condominium and ground lease were found to be subject to section 718.401(8)(a) enacted in 1975 because the declaration referred to the “Condominium Act ... as the same may be amended from time to time.” There was in the certificates of incorporation of the cooperative associations in this case, and therefore in the ground leases, no intention evidenced to subject those certificates or the leases to future amendments to chapter 719 concerning cooperatives.
Count V alleged that the language of the condominium declarations saying that they are “pursuant to the Condominium Act” should be construed to include within its meaning subsequent amendments to that Act because the term “Condominium Act,” is ambiguous and should be construed against the lessors who drafted it. We disagree. As the Florida Supreme Court found in Angora, a condominium declaration is subject to amendments to the Condominium Act when the declaration so provides. But here the declarations did not so provide and, therefore, they should be construed to refer to the Condominium Act in effect at the time the declarations were entered into.
Count VI alleged that the rent escalation clauses were unconscionable. Although the trial court did not specifically rule in this respect, we affirm on the basis that a decision of a trial court can be affirmed for any reason which appears in the record. Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla. 3d DCA 1979). We believe Seminole-on-the-Green v. Kelly, 445 So.2d 1071 (Fla. 2d DCA 1984), forecloses any argument that the rent escalation clauses involved in this case are unconscionable. In Seminole-on-the-Green, after finding that the rent escalation formula in that case was not unworkable and unconscionable, this court quoted from Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA 1981), that *134 “[t]here is nothing intrinsically unfair or unreasonable in a lease of recreational facilities to adjacent property owners as tenants which lease may contain an escalation of rent clause based upon some appropriate measure of increases in the cost of living.” 445 So.2d at 1073. There is no contention in this case that the rent escalation clause was unworkable.
As to the allegations in count VI that some of the contracts for purchase of the individual condominium or cooperative units were contracts of adhesion, based on alleged fraudulent acts occurring at or prior to the signing of the contracts, we believe that any such allegations are properly made by the unit owners so affected and not by the associations. Cf Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984) (“In a situation such as this, involving multiple contractual sales, each of the parties has his own separate and distinct contract and must make a determination as to which terms are important to him.... [Fjraud claims on separate contracts are inherently diverse....”)
Affirmed.
DANANY, A.C.J., and SCHOONOVER, J., concur.