490 So.2d 1381 (1986)
GOLDEN CLEAVER PACKING, INC., Appellant,
v.
G & M HUGHES CORPORATION d/b/a Best Western Silver Lake Lodge, Appellee.
No. 85-1851.
District Court of Appeal of Florida, Fifth District.
July 17, 1986.
*1382 Robert W. Anthony, of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for appellant.
Barry E. Hughes, South Daytona, for appellee.
COWART, Judge.
Appellant meat packing company, as seller, sold meat on account to appellee restaurant, as buyer. The account was due and payable on or before the 15th of the month following delivery. Each written invoice, signed by the buyer's employee upon receipt of a meat delivery, provided:
In the event legal action is necessary for the collection of this invoice customer agrees to pay all costs including reasonable attorney's fees.
When the buyer failed to pay for twelve invoices for deliveries made between November 28, 1984, and January 3, 1985, the seller ceased deliveries. When no payment was made by the buyer on or before January 15, 1985, the seller retained legal counsel who filed this law action to recover the balance due on the account, a sum of over $6,000. On April 11, 1985, the date of a scheduled hearing on the seller's motion for summary judgment, the defendant buyer paid the principal amount due on the account but argued that it was not liable for attorney's fees and costs because the account was not due when suit was filed because, in the parties' normal course of dealing, the defendant had paid 30-60 days after receipt of the seller's goods.
After an evidentiary hearing the trial court found that:
the Plaintiff had a technical right to file the lawsuit on the date that he [sic] did. the Plaintiff technically prevailed in the lawsuit based on the parties' oral stipulation and the Defendant's belated payment of the principal balance due and owing.
The trial court then allowed the costs of filing suit and service of process and pre-judgment interest but denied court reporting costs and attorney's fees on the basis that "legal action was not necessary for the collection" of the sum due the plaintiff on the account. The trial court construed the contractual attorney's fee provision in the invoice to mean that if the trial court thought that the seller could have collected the balance due it by non-legal efforts, then the legal action was not "necessary" and no attorney's fees should be allowed. We disagree and reverse.
Appellant seller is a corporation and while it may employ non-lawyer employees to make non-legal collection efforts, only a lawyer can represent a corporation in taking legal collection steps.[1] It is entirely fit and proper for a corporation to retain an attorney to collect by legal action money past due and owing to the corporation. A creditor is not required by law to make any non-legal collection efforts before retaining legal counsel. In this situation the law is that "the debtor seeks the creditor." A debtor can always protect itself from collection costs by merely paying debts on or before the due date.
The trial court found that regardless of the parties' course of dealing, defendant buyer's account with plaintiff seller was due, owing, and unpaid when this law action was instituted and, therefore, the plaintiff was entitled to judgment and legal costs and pre-judgment interest. The tail goes with the hide. The plaintiff was also entitled to court reporting costs[2] and a *1383 reasonable attorney's fee.[3] The judgment denying attorney's fees is reversed and the cause is remanded for the court to enter judgment for court reporting costs and the amount of a reasonable fee for the plaintiff's attorney.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Daytona Migi Corporation v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982); Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980); Nicholson Supply v. First Federal Savings and Loan Assoc. of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966). Actions brought in small claims court are an exception to this rule. Fla.R.Summ.P. 7.050(a)(2).
[2] § 57.071(2), Fla. Stat.
[3] This is not an action in equity to approve acceleration of installment payments and foreclosure of security. See, e.g., Montgomery Enterprises, Inc. v. Atlantic National Bank of Jacksonville, 338 So.2d 1078 (Fla. 1st DCA 1976); New England Mutual Life Insurance Co. v. Luxury Home Builders, Inc., 311 So.2d 160 (Fla. 3d DCA 1975). This is a law action and the trial court does not have the discretion to deny a plaintiff-creditor that to which it is legally entitled nor to forgive a defendant-debtor for that which it legally owes.