PER CURIAM.
These consolidated appeals arise out of proceedings entertained after a final judgment of dissolution of marriage. The judgment of dissolution incorporated an agreement of the parties wherein they made provision for the division of their property, support, and alimony. One of the provisions of the agreement required the husband to pay the wife $1,000,000 in cash, cashier’s check, or negotiable equivalent within twelve months from date of the agreement. As security for the payment of said sum, the husband agreed to place in escrow deeds to certain property, which the escrow agent was to deliver to the wife in the event the husband defaulted upon the payment of the $1,000,000. The year came and went and the husband failed to pay the $1,000,000; whereupon, the wife sought the assistance of the court in enforcing payment of the money. The husband contended he had the option to pay the obligation in cash or let the wife take the property; she had no option, according to him, but to take the property if he did not make the cash payment. The trial judge agreed with the wife’s contentions that she had the option to seek enforcement of the cash payment or take the escrowed security, and entered a judgment for the wife for $1,000,000 so that the judgment could be enforced by execution. Thus, the first point presented has to do with the propriety of the entry of that judgment for $1,000,000.
The husband also argues that, in the event the court affirms the judgment, it should not bear interest at 12% as provided because, until the husband pays that sum, he is required to pay to the wife between $10,000 and $15,000 per month for support and maintenance. It is his contention that he should get credit for those payments of support against the accrual of interest. Finally, the husband argues that he should not be required to pay the appraiser’s fee for the court-ordered appraisal of the es-crowed property and that the wife should not be allowed attorney’s fees in the trial court nor on appeal because the agreement was so written as to obviate the necessity of legal proceedings to enforce it and, thus, resort to the court for assistance was unwarranted.
We believe the husband’s contentions cannot be supported. As did the trial judge, we find no ambiguity in the agreement vis-a-vis the wife’s rights to recover the $1,000,000 in cash rather than be required to resort to the escrowed property. Rather, we hold that under the agreement she was entitled to resort to said property or to enforce her judgment in any fashion the law provided.
*31 Under the terms of the agreement the wife was entitled to be paid $1,000,000 one year from its date and until he paid said sum, the husband was required to make the monetary support payments referred to. For whatever reason, he decided not to pay the $1,000,000, so that he has had the use of said money for the past eighteen months and he should pay interest therefor. The agreement required him to pay the support payments until he paid the $1,000,000 and we see no reason to set one off against the other.
In our judgment, the wife was entitled to seek the aid and assistance of the court in enforcing the agreement, which provides for the award of “attorney’s fees, costs and other expenses” to the prevailing party for its enforcement in the event of default. The husband is in default thereunder and has been since the anniversary date of the agreement. Therefore, we affirm the award of attorney’s fees to the wife for the trial court proceedings, and we grant her motion for such fees in this court. We also affirm the order requiring the husband to pay the appraiser’s fee.
Finally, the husband seeks review of an order holding him in contempt for failure to pay the $1,000,000 provided for in the final judgment and sentencing him to jail until he purges himself by payment of the $1,000,000. The wife petitioned the trial court to hold the husband in contempt for non-payment. He defended on the basis that, at the wife’s request, the court had previously entered a judgment for the $1,000,000 so that she could obtain issuance of a writ of execution thereon. That judgment had been stayed by the husband’s posting a $1,300,000 supersedeas bond. The husband argued that he had appealed the entry of the judgment for the wife on the grounds she was required to accept the escrowed property deeds in the event of his default in paying the $1,000,000, and he had superseded the judgment pending the appeal. Under those circumstances, he contended contempt was not a viable remedy for the wife at that time. Regardless, the trial court entered an order finding the husband in contempt and sentencing him to jail until purged.
In our opinion, issuance of the order of contempt was erroneous for several reasons. The question of the validity of the judgment for $1,000,000, as well as the wife’s right thereto growing out of the agreement, were all before this court for determination in the appeal in Case No. 4-86-2283. In addition, the husband had superseded the judgment, which assures the wife of payment in the event she is successful in that appeal. To allow the trial court to enforce the payment of that money is tantamount to mooting the very question before this court. Thus, under the circumstances of this case, the motion for contempt should have been denied.
Accordingly, we reverse the order of contempt dated September 21, 1987, and affirm the judgment and orders involved in Case Nos. 4-86-2283 and 4-86-2792 in all respects[1] and remand the cause to the trial court to determine the amount of a reasonable attorney’s fee for the wife for those appeals only.
DOWNEY, DELL and GUNTHER, JJ., concur.

. Case No. 4-86-2259, an appeal from a non-final order dated August 21, 1986, finding the husband in contempt for failing to make certain temporary support payments to the wife is moot since, after filing his appeal therefrom, the husband purged himself by making the payments required.