PER CURIAM.
Cross-appellants Mirizio and Smith challenge the trial court’s order denying rescission of a contract. We reverse.
*1144 Having found the underlying contract upon which this action was based to be incapable of sustaining cross-appellee Sherman’s claim for damages for breach of contract, the trial judge erred in failing to determine disposition of the $50,850 Mirizio and Smith paid Sherman under the contract before they notified him of their intent to rescind.
The crux of the parties’ agreement involved Sherman’s selling his rights to be the Florida sales representative of certain lighting fixture manufacturers to Mirizio and Smith. As it turned out, those rights were nontransferable. Upon finding this out, Mirizio and Smith notified Sherman of their intent to rescind the contract. Based on these facts, cross-appellants were entitled to rescission due to mutual mistake, David v. Richman, 528 So.2d 25 (Fla. 3d DCA 1988), or impossibility of performance. Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla. 2d DCA), cert. denied, 180 So.2d 656 (Fla.1965). Accordingly, it was error for the trial court to deny rescission and to fail to restore to each party the benefits or their value given and received in furtherance of the agreement. In this regard, we recognize that Sherman may be entitled to retain all or part of the money he received for equitable reasons.[1] See Richard v. Triester, 409 So.2d 101 (Fla. 3d DCA 1982). Thus we grant rescission and remand the case to the trial court for a determination of what if any restitution is due cross-appellants.

. Mirizio and Smith received Sherman s Florida customers list as part of the agreement.