555 So.2d 1313 (1990)
Clarence SYBERT, Appellant,
v.
Donald R. COMBS, et al., Appellees.
No. 88-1743.
District Court of Appeal of Florida, Fifth District.
January 25, 1990.
Caruso & Kabboord, P.A., Merritt Island and Edna L. Caruso, P.A., West Palm Beach, for appellant.
No Appearance, for appellees.
ORFINGER, M., Associate Judge.
This is an appeal of a final order denying appellant's claim for attorney's fees alleged to be due and owing after a default on a promissory note.
Sybert sold a boat to Combs and Glover for $13,000, $3,000 of which was paid in cash. The balance of $10,000 was secured by a promissory note due and payable within 90 days, without interest. The note carried the usual provision for the payment of attorney's fees in the event of a default.[1] In their answer to the complaint seeking collection of the note, the buyers admitted the execution of the note, admitted that the note had not been paid, but denied that there was anything due plaintiff.
In a counterclaim, the buyers did not seek rescission of the transaction and cancellation of the note, but instead sought damages for fraud and deceit, contending that the seller had falsely represented the condition of the boat. They sought damages for such fraud, and attorney's fees and costs, based on a "prevailing party" provision in the contract for sale and purchase of the boat. The case went to the jury which returned verdicts for $10,000 to the seller on the note, and $10,000 in damages to the buyers on their counterclaim. The trial court entered judgment on both verdicts, but refused to award attorney's fees to either party, on the theory that the judgments were offsetting. Sybert, the seller, appeals the denial of attorney's fees.[2]
Courts have no discretion to decline to enforce provisions in contracts for *1314 awards of attorney's fees, any more than any other valid contractual provision. See Golden Cleaver Packing, Inc. v. G & M Hughes Corporation, 490 So.2d 1381, 1383 n. 3 (Fla. 5th DCA 1986); Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985); Dubov Realty, Inc. v. Kucharek, 433 So.2d 58 (Fla. 3d DCA 1983); Brickell Bay Club Condominium Ass'n, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA), review denied, 408 So.2d 1092 (Fla. 1981). Here, the note provided for the payment of attorney's fees in clear and unambiguous terms, and a judgment based on the note was entered for seller. The fact that an equal offset results in the seller collecting nothing does not alter or affect the attorney's fee provision, see Pysz v. Ande, 523 So.2d 698 (Fla. 4th DCA 1988), nor does the fact that the buyers might also have been entitled to fees because they prevailed on their counterclaim diminish the seller's right to fees on the note.[3]
The order rejecting the seller's demand for attorney's fees on the promissory note is reversed, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
GOSHORN, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I would affirm the trial judge who denied both parties any attorneys' fees based on the promissory note and the purchase agreement relating to the defective yacht. Piercing through to the substance of this case, it was a tie, a stalemate, a leaving of the parties where the jury found them. A simple affirmance without opinion would produce the most equitable result in this case.
The appellant (Sybert) sold the appellees (Combs and Glover) a defective boat for which appellees gave appellant a $10,000 promissory note. Sybert's fraud (hiding and failing to disclose the defect) resulted in damages to Combs and Glover equivalent to the face amount of the note as determined by the jury. Sybert sued Combs and Glover on the note. Combs and Glover counterclaimed for fraud based on the sales contract. After a jury trial both parties received $10,000 judgments, which were mutually offsetting.
Both the promissory note and the boat sales agreement provided for attorney's fees. The note required payment of fees if suit was brought on the note. The sales agreement provided for an attorney's fee for the prevailing party. Both parties moved for attorney's fees. The trial judge determined neither were entitled to an attorney's fee award because neither party prevailed.
The majority is correct that Sybert need not "prevail" to be entitled to attorney's fees. But, in point of fact, the record shows Combs and Glover did "prevail" on their fraud counterclaim to the extent of $10,000, and accordingly both parties were entitled to attorney's fees, which may well have been completely offsetting, based on the proofs at the trial, which are not included in this record. Therefore, we should affirm, based on the "tipsy-coachman" rule that appellate courts affirm trial judges for any reason implicit in the record, without regard to the specific reason given. In re Yohn's Estate, 238 So.2d 290 (Fla. 1970); MacNeill v. O'Neal, 238 So.2d 614 (Fla. 1970); Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962); Greenbriar Condominium Apartments II Association, Inc. v. Koch, 480 So.2d 131, 133 (Fla. 2d DCA 1985), rev. den., 491 So.2d 279 (Fla. 1986); Citizens Federal S & L of St. Lucie County v. Loeb Rhoades Hornblower & Co., 473 So.2d 679, 683 (Fla. 4th DCA 1984); Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla. 3d DCA 1979); Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977).
NOTES
[1] "In the event of defaults [sic] in the payment of this note, and if the same is placed in the hands of an attorney at law for collection, the undersigned hereby agree(s) to pay all costs of collection including a reasonable attorney's fee."
[2] Counsel for buyers below, appellees here, withdrew after trial, and appellees have neither filed a brief in response to this appeal nor a cross-appeal on the denial of attorney's fees to them.
[3] Such fees would not necessarily offset each other. Buyers admitted the execution of the note and its nonpayment. Although we do not have a trial transcript, the pleadings and the pretrial statements which are in the record would seem to indicate that the major part of the trial was devoted to trying the counterclaim.