GOSHORN, Judge.
This appeal arises from a dispute involving a claim for a real estate brokerage commission by Michael O’Shaughnessy, Inc. against the appellants Michael L. Gray and Wendy P. Gray, his wife. Following a non-jury trial, the trial court found that the original real estate listing agreement had been cancelled by agreement of the parties and that no contract was ever agreed upon to replace the original listing. The court entered judgment in favor of the Grays but denied their request for attorney’s fees, finding that:
It is evident that this litigation arose because of the absence of an agreement, written or otherwise. Hence, it is my conclusion that no attorney’s fees should be awarded in this case. [Emphasis added],
The court apparently made this determination based upon testimony regarding the existence, vel non, of a second and subsequent listing agreement between the parties. As to this alleged second listing contract, the court found that it had never been agreed upon. We agree that a contract which never came into existence cannot form the underpinning for a claim of contractual entitlement to attorney’s fees.
However, a review of the record reveals that the complaint filed by O’Shaughnessy based its claim on the original exclusive right of sale listing agreement. That contract contains the following provision:
7. In the event any litigation arises out of this Contract, the prevailing party shall be entitled to recover reasonable attorney’s fees and costs.
Therefore, it was error not to consider the Grays’ claim for reasonable attorney’s fees and costs, as they are the prevailing party under the contract sued upon.
In Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla.1989) the supreme court held
that when parties enter into a contract and litigation later ensues over that contract, attorney’s fees may be recovered under a prevailing-party attorney’s fee *289 provision contained therein even though the contract is rescinded or held to be unenforceable.
This principle is no less true when the contract is found to be cancelled by the agreement of the parties. The cancellation does not erase the fact that valid enforceable obligations regarding responsibility for attorney’s fees and costs in the event of litigation under the contract exist between the parties.
Accordingly, that portion of the final judgment finding that the Grays were not entitled to an award of attorney’s fees is reversed and this cause is remanded with instructions to the trial court to award reasonable costs and attorney’s fees to the appellants.
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
COWART and HARRIS, JJ., concur.