581 So.2d 972 (1991)
FORTENBERRY PROFESSIONAL BUILDING, et al., Appellants,
v.
Charles ZECMAN, et al., Appellees.
No. 90-1932.
District Court of Appeal of Florida, Fifth District.
June 20, 1991.
John L. Soileau of Westman, Lintz, Watson, Thompson and Soileau, P.A., Cocoa, for appellants.
*973 R. Edward Cooley of Shepherd, McCabe & Cooley, Longwood, for appellees.
COWART, Judge.
Appellant, a condominium association, filed an action against appellees, as unit owners, to foreclose a special assessment lien. The declaration provides that the delinquent unit owners shall pay all costs including reasonable attorneys fees in any action by the Association to foreclose a lien.[1] The assessment lien was foreclosed but the trial judge did not allow the Association attorney's fees because the unit owners prevailed on a counterclaim for damages relating to the destruction of a canopy in which they had a special property right. The Association appeals the order denying it attorney's fees. We reverse.
Courts have no discretion to decline to enforce contract provisions for awards of attorney's fees. Sybert v. Combs, 555 So.2d 1313 (Fla.5th DCA 1990); Golden Cleaver Packing, Inc. v. G. & M. Hughes Corp., 490 So.2d 1381, 1383, n. 3 (Fla.5th DCA 1986). The Association prevailed in its lien foreclosure action although it did not make a net recovery after offset because the unit owners' recovery on their counterclaim was greater than the Association's lien. However, the fact that an offset results does not eliminate the contractual right to attorney's fees in the lien foreclosure action.
In so far as the final judgment denies the Association attorney's fees and costs, we reverse and remand for the court to award the appellant Association reasonable attorney's fees and costs.
REVERSED and REMANDED.
PETERSON, J., and ANTOON, J., II, Associate Judge, concur.
NOTES
[1] See also section 718.116(4)(a), Florida Statutes.