595 So.2d 292 (1992)
Joanne S. JACOBSON, Appellant,
v.
Hal Martin JACOBSON, Appellee.
No. 91-1380.
District Court of Appeal of Florida, Fifth District.
March 20, 1992.
*293 James F. Keedy, Leesburg, for appellant.
Bruce A. Saylor of Sellar, Sewell, Russ & Saylor, P.A., Leesburg, for appellee.
DIAMANTIS, Judge.
Joanne Jacobson (the wife) appeals a final order of the trial court concerning her motion to enforce a final judgment of dissolution. Because we conclude that the trial court erred in denying the wife's claims for interest and attorney's fees, we reverse and remand this case for proceedings consistent with this opinion.
On February 27, 1990 the trial court entered a final judgment of dissolution of the marriage between the parties. The final judgment approved and incorporated a marital settlement agreement which had been entered into by the parties. The settlement agreement provided for the distribution of the parties' property, an award of rehabilitative alimony, and an award of lump sum alimony.
In March of 1991 the wife filed a motion to enforce the final order of dissolution. The wife claimed that the husband failed to pay the lump sum alimony payment of $50,000 which was due on or before February 1, 1991; that the husband refused to pay medical expenses incurred by the parties' children; and that the husband failed to provide the wife with documentation to prove that the husband has purchased life insurance coverage as required by the dissolution order. She requested, among other things, a money judgment plus interest and an award of attorney's fees.
The husband filed a response to the motion for contempt and a separate motion for enforcement which is not involved in this appeal. In his response the husband acknowledged that he failed to provide payment of the $50,000 which was due on or before February 1, 1991, that he has failed to pay the medical expenses claimed by the wife, and that he has failed to provide documentation to prove that he has purchased the life insurance coverage required by the dissolution order.
The final order entered by the trial court sets forth the following rulings concerning the wife's claims for relief: (1) the court recognized that on April 4, 1991 the husband paid the wife the sum of $50,000 as lump sum alimony which sum was due on February 1, 1991, but the court denied the wife's request for interest to be paid on this amount from February 1, 1991 until the date of payment; (2) the trial court ordered the husband to pay the medical bills claimed due and owing by the wife; (3) the trial court ordered the husband to provide the wife's attorneys with documentation concerning his life insurance coverage; and (4) the trial court denied the wife's request for attorney's fees.
We agree with the wife's claim that the trial court erred in failing to award interest from February 1, 1991 (the contractual due date of the lump sum alimony payment) until April 4, 1991 (the date it was actually paid). In such cases of lump sum alimony arrearages, interest runs from the date payment is due under the terms of the agreement until payment is made. Graham v. Graham, 519 So.2d 29 (Fla. 4th DCA 1987). Lump sum alimony is no different than any other sum that is due from one person to another. If the payment is late under the contractual terms, interest is due unless otherwise provided. Genvest General Investments v. Lake Nona Corporation, 594 So.2d 787 (Fla. 5th DCA 1992).
We also agree with the wife that the trial court erred in not awarding her reasonable attorney's fees. The attorney's fees provision which is set forth in the settlement agreement provides that "should either party breach the terms of this marital settlement agreement causing the other party to employ an attorney for the enforcement of the provisions of this marital settlement agreement or for the collection of damages as a result of said breach or for the collection of any monies, *294 then the prevailing party's attorney's fees and court costs will be paid by the nonprevailing party". A reading of the wife's motion for enforcement, the husband's response to the motion for enforcement, and the trial court's order clearly shows that the wife prevailed on her motion. A court has no discretion to decline to enforce contractual provisions for an award of prevailing party attorney's fees any more than any other valid contractual provision. Fortenberry Professional Building v. Zecman, 581 So.2d 972 (Fla. 5th DCA 1991); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990); Hancock v. Hancock, 417 So.2d 1046 (Fla. 4th DCA 1982).
Accordingly, we reverse the trial court's denial of interest and attorney's fees and remand these proceedings to the trial court for the award of interest on the $50,000 lump sum alimony payment from February 1, 1991 until April 4, 1991 at the legal rate of 12% annual interest[1] and for the award of reasonable attorney's fees.
REVERSED and REMANDED.
GOSHORN, C.J., and COWART, J., concur.
NOTES
[1] § 687.01, Fla. Stat. (1989).