COBB, Judge.
The issues on this appeal concern the computation of a prejudgment interest award and the trial court’s denial of attorney’s fees.[1]
William Murphy contracted to build the appellee, Bernadette Kumar, a house. Re-mare Homes, Inc., appellant, took over the construction by way of assignment. The lender in this case, Principal Financial Group, Inc. (appellee), properly released all *499 funds except the final draw which Kumar failed to authorize.
On July 3, 1991, Remare filed a complaint against Kumar alleging breach of contract for failure to release the final draw and for failure to pay for change orders. A counterclaim was subsequently filed by Kumar also alleging breach of contract. Both parties claimed that they were entitled to recover reasonable attorney’s fees pursuant to the contract together with interest and costs.
A final judgment was rendered on April 27, 1992, whereby Remare was awarded $13,500.00 from the last disbursement and Kumar was to recover $2,985.00. The court reserved ruling on costs and attorney’s fees. Later, Remare filed a motion for attorney’s fees and costs plus interest.
On June 2, 1992, the trial court filed an order which denied Remarc’s motion for attorney’s fees but granted their motion to tax costs as a “prevailing party” and granted Remarc’s motion for interest on the $13,500.00 damage award. A notice of appeal was filed on June 3, 1992, and was timely in relation to the post-judgment order of June 2, 1992, which dealt with attorney’s fees, costs, and interest. An amended final judgment was filed on June 4, 1992, which related to the post-judgment order. The trial court expressly held that Remare was the prevailing party in relation to interest and costs but no reason was given for denying Remare attorney’s fees. Additionally, the amended final judgment stated that interest on the $13,500.00 principal would be awarded at % as apparently this was the rate that Kumar was to pay her lender for the funds. Costs had been awarded in the amount of $998.80.
The first issue raised by Remare is whether the trial court erred in awarding prejudgment interest at the rate of 9½% rather than the statutory rate of 12%. As Remare correctly points out, the lower court had no choice but to award the appellant prejudgment interest at the rate of 12% per annum under the authority of Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); see also Broward County v. Finlayson, 555 So.2d 1211, 1213 (Fla.1990); Kissimmee Util. Auth. v. Better Plastics, Inc., 526 So.2d 46 (Fla.1988); Florida Steel Corp. v. Adaptable Devs., Inc., 503 So.2d 1232 (Fla.1986); Ray v. Travelers Ins. Co., ill So.2d 634 (Fla. 5th DCA 1985).
The second issue raised by Re-mare is whether the trial court erred in denying their motion for attorney’s fees. Generally, with few exceptions, an attorney’s fee provision in a contract cannot be ignored and courts have no discretion to decline to enforce contract provisions for awards of attorney’s fees. Since the trial court found Remare to be the prevailing party in this action, the court erred in denying attorney’s fees. Fortenberry Professional Bldg. v. Zecman, 581 So.2d 972, 973 (Fla. 5th DCA 1991); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990); Golden Cleaver Packing, Inc. v. G & M Hughes Corp., 490 So.2d 1381, 1383 n. 3 (Fla. 5th DCA 1986). See also Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992); Gray v. Michael O’Shaughnessy, Inc., 574 So.2d 288 (Fla. 5th DCA 1991).
Accordingly, the post-judgment order and amended final judgment appealed from are reversed and remanded with directions to the trial court to recompute interest pursuant to Argonaut and to award reasonable attorney’s fees to Remare, the prevailing party.
REVERSED AND REMANDED.
W. SHARP, J., and COWART, J„ Retired, concur.

. Two issues raised by the appellant cannot be determined since they relate entirely to the original final judgment. The amended final judgment filed by the trial court did not extend the time to appeal issues solely contained within the original judgment. See First Continental Corp. v. Khan, 605 So.2d 126 (Fla. 5th DCA), rev. denied, 613 So.2d 3 (Fla.1992).