PER CURIAM.
Appellant, Aubyn G. Williams (“former wife”), appeals a post-dissolution order denying her request for attorney’s fees and costs. We reverse.
The former wife and appellee Douglas L. Williams (“former husband”) entered into a post-dissolution mediation agreement requiring the former husband to pay a specific amount of child support. The mediation agreement contained a prevailing party attorney’s fees clause that specified: “If either party breaches this Agreement or files a modification petition, the prevailing party shall receive his or her attorney fees.”
Approximately one year after the trial court ratified the mediation agreement, the former husband reduced the weekly child support payments. The former wife then filed a motion to compel payment under the mediation agreement.
Ultimately, after a hearing, the former wife prevailed in her motion to compel. However, the trial court found that the former husband did not “willfully” breach the agreement, determining that neither party was entitled to attorney’s fees. We disagree.
Contractual provisions concerning attorney’s fees are to be strictly construed. See Wendel v. Wendel, 852 So.2d 277 (Fla. 2d DCA 2003); Pici v. First Union National Bank of Florida, 705 So.2d 50 (Fla. 2d DCA 1997). The ratified agreement clearly provided that the prevailing party is entitled to attorney’s fees. Here, the former wife prevailed on the significant issue of child support in the post-dissolution litigation, and is thus considered the prevailing party for purposes of attorney’s fees. See Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992). Accordingly, we reverse and remand to the trial court with instructions to determine an appropriate amount of attorney’s fees pursuant to the mediation agreement.
Reversed and remanded with instructions.