WELLS, Judge.
Eduardo F. Garcia appeals a post-dissolution order, arguing that the trial court erred in ordering him to pay alimony ar-rearages and attorneys fees. His former wife, Maria Garcia, cross appeals, arguing that the trial court erred in failing to award interest on the arrearage award and by reducing the fee award in contravention of the prevailing party fee provision of parties’ marital settlement agreement. We find no merit in the points raised by Mr. Garcia. We do, however, agree with both points raised by Ms. Garcia and reverse and remand on that basis.
The Garcias entered into a marital settlement agreement and were divorced on May 5, 1995. Under the terms of the settlement agreement, Mr. Garcia was required to make alimony payments of $300 per month while the parties’ daughter was a minor, with the alimony obligation increasing to $800 per month upon the child’s majority. The settlement agreement also provided that attorney’s fees would be awarded to the prevailing party in post-dissolution enforcement proceedings.
On January 12, 2002, Mr. Garcia’s child support obligation ceased, increasing his alimony obligation. Rather than complying with the terms of the settlement agreement, Mr. Garcia stopped paying alimony. When Ms. Garcia moved to enforce the alimony award, Mr. Garcia argued that he and Ms. Garcia had agreed that Ms. Garcia would waive all future alimony payments if he continued to support the parties’ daughter after termination of his child support obligation and that he had changed his position in reliance on that agreement. Ms. Garcia denied any such agreement. Following an evidentiary hearing, the lower court determined that there was no agreement concerning the termination or waiver of alimony. The trial court decided not to hold Mr. Garcia in contempt, but to reduce the alimony arrearage to judgment with a monthly payout. No interest was imposed on this award. The trial court also granted Ms. Garcia’s request for attorney’s fees but, apparently in consideration of Mr. Garcia’s testimony regarding his inability to pay, ordered Mr. Garcia to pay only approximately one half the amount determined to be a reasonable fee.
We find the trial court’s determinations regarding Ms. Garcia’s entitlement to an arrearage judgment and a fee award to be supported by competent substantial evidence and therefore affirm those determinations. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976) (“[i]t is not the function of the appellate court to substitute its judgment for that of the trial court .... The test ... is whether the judgment of the trial court is supported by competent evidence”); see also Bryan v. Butterworth, 692 So.2d 878, 881 (Fla.1997)(holding that when competent, substantial evidence supports a trial court’s ruling, the appellate court will not “second-guess the trial court”); Orme v. State, 677 So.2d 258, 262 (Fla.1996)(observing “[o]ur duty on appeal is to review the record in the light most favorable to the prevailing theory and to sustain that theory if it is supported by competent substantial evidence”); Golden v. Lewis, 647 So.2d 979, 980 (Fla. 2d DCA 1994)(observing that “[a]mong the elements of a defense of laches is the requirement that the proponent bring forward evidence of injury or prejudice in the event relief is accorded to the plaintiff’). However, we reverse and remand for modification of the order on appeal to include interest on the arrearage award and for an award of the full value of Ms. Garcia’s reasonable attorney’s fees. As to the in *608 terest sought, Gottesman v. Gottesman, 220 So.2d 640, 643 (Fla. 3d DCA 1969), confirms that judgments on periodic alimony arrears should draw statutory interest from date of entry.[1]
As to the fee award, “[a] court has no discretion to decline to enforce contractual provisions for an award of prevailing party attorney’s fees anymore than any other valid contractual provision.” Jacobson v. Jacobson, 595 So.2d 292, 294 (Fla. 5th DCA 1992); see also Williams v. Williams, 892 So.2d 1154 (Fla. 3d DCA 2005)(observing that “[c]ontractual provisions concerning attorney’s fees are to be strictly construed”). Ms. Garcia’s motion for enforcement claimed' entitlement to fees under the prevailing party provision of the settlement agreement. As the prevailing party in the enforcement proceeding, Ms. Garcia was, therefore, entitled to a fee award equal to the full amount determined to be reasonable, not that amount reduced in consideration of Mr. Garcia’s argued limited ability to pay. See Dean v. Dean, 655 So.2d 243 (Fla. 3d DCA 1995) (concluding that where a party is entitled to a contractual fee award, the conditions applicable under section 61.16 are irrelevant).
We therefore reverse for addition of interest to the arrearage award and correction of the fee award as detailed herein. In all other respects, the order under review is affirmed.

. Ms. Garcia did not seek to have statutory interest calculated from the date payment was due, thus \ve do not address that issue.