389 So.2d 691 (1980)
CHELSEA TITLE & GUARANTY COMPANY, a Corporation, and Martin County Title Company, Inc., a Corporation, Appellants,
v.
Virginia A. TURNER, Individually and As Executrix of the Estate of Carl H. Turner, Deceased, et al., Appellees.
No. 79-528.
District Court of Appeal of Florida, Fourth District.
October 29, 1980.
*692 William C. Owen, Jr., of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellants.
Walter M. Meginniss of Crary, Buchanan & Meginniss, Stuart, for appellee Turner.
LETTS, Chief Judge.
This appeal protests the mathematics of a judgment calculating the buy out proceeds of a sale by one stockholder to another. It also protests an interest award. We reverse on both issues.
We will not embark on a long dissertation of the facts of this case and intend only to amend the mathematics. The trial court awarded a bottom line figure, for the sale of corporate stock by the selling stockholder, in the sum of $37,500. In so doing the court found three things:
(1) That the seller of 50% of the stock in a corporation to the other 50% stockholder was entitled to one-half of the fair market value of the corporation;
(2) That the fair market value of the entire corporation was $75,000; and
(3) That the same seller personally owed, and was required to pay, the corporation $10,000 and then as half owner thereof be credited for half of that sum owed.
We find this language plain and unambiguous. Therefore, the seller shall receive $37,500 plus $5,000 or a total of $42,500. In turn said seller must account for the $10,000 owed, so that the net receipt from the sale shall be $32,500, not $37,500 as calculated by the trial court.
The purchasing shareholder also contends that the trial court erred in awarding the seller a return of 10% per annum on the sum awarded. A person to whom a debt is owed is entitled not only to the payment of the principal of the debt but also to interest at the lawful rate. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955); Vacation Prizes, Inc. v. City National Bank of Miami Beach, 227 So.2d 352 (Fla. 2d DCA 1969). Under Section 687.01, Florida Statutes (1977), interest shall be assessed at the rate of 6% per annum.
Accordingly, we reverse the trial court amending the final judgment to award pre-judgment interest to the appellees at a rate of 6%.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
BERANEK and HURLEY, JJ., concur.