COWART, Judge.
This case involves questions as to whether an alleged agent was personally liable on a contract; whether a certain letter was sufficient to constitute a written contract within the statute of limitations; and the date from which interest is calculated on sums due under a contract.
Appellee, as contractor, contracted with the owners of an apartment complex to construct certain improvements. After certain work was done, a dispute arose as to a progress payment schedule and appellee ceased work. Thereafter, appellant took over management of the apartment complex and appellant’s agents met with appel-lee and worked out an agreement as to future payments under which appellee would complete the contracted work. Appellant wrote appellee a letter confirming this agreement and appellee completed the work and ultimately sued appellant for an unpaid balance. Appellant contended (1) appellee’s cause of action was based on an oral contract and was barred by a four year statute of limitations (§ 95.11(3)(k), Fla. Stat. (1981)) and (2) that appellant was acting only as an agent and was not personally liable. The trial court held against appellant’s contentions and for appellee, but allowed appellee interest on the contract balance calculated only from the date ap-pellee filed suit. Appellant appeals the trial court findings against it and appellee cross-appeals the denial of interest from the date he was due payment under the contract to the date he instituted suit.
There is substantial competent evidence to support the trial court’s finding that appellant either did not disclose its principal or that it specifically agreed to be personally liable for the work appellee performed and to support the finding that appellant’s letter was sufficiently definite to be enforceable and to constitute a written contract subject to the five year statute of limitations. § 95.11(2)(b), Fla.Stat. (1981). However, appellee was entitled to interest calculated from the time the debt was due under the contract on which the indebtedness was based. See, e.g., Parker v. Brinson Const. Co., 78 So.2d 873 (Fla.1955); English and American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969). Accordingly, the judgment below is affirmed except as to the allowance of interest on the sum found due appellee, as to which the judgment is reversed and remanded for entry of judgment for interest from the contract due date.
AFFIRMED in part; REVERSED in part.
ORFINGER, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.