CAMPBELL, Judge.
Appellants, Reynolds Aluminum and Masonry Contractors, Inc. and Merle F. Ryde-sky, seek review of a final judgment against them on a counterclaim for acceleration of a promissory note and foreclosure under a security agreement held by appel-lee, Steven L. Alexander. We reverse.
Appellants raised five points on appeal. We find it necessary to discuss only two of the issues presented. First, was the January 1, 1981 monthly interest payment tendered within the grace period? Second, was there a sufficient basis for acceleration and foreclosure?
The relevant terms of the note held by appellee provided:
Interest only shall be payable monthly commencing April 1, 1980, and on the same day of each month thereafter to and including January 1,1981. On January 2, 1981, the sum of $9,892.91 shall be immediately due and payable.
The note also stated:
If any installment is not fully paid within 30 days after it is due, the entire principal sum and its accrued interest *358 then remaining unpaid thereon shall immediately become due and payable without notice at the option of the holder.
Appellants consistently made the monthly interest payments after the first of the month, but before the end of the grace period. Appellee asked appellants to make the monthly interest payments on the first of each month and warned that failure to do so would be considered a violation of the terms of the note. Appellants continued to pay after the first of the month.
Appellants failed to pay the monthly interest payment due on January 1, 1981, although by check dated January 7, 1981, they did pay the additional lump sum of $9,892.91, which was due on January 2, 1981.
On February 2, 1981, appellee delivered a letter to appellants stating that the January 1, 1981 monthly interest payment had not been paid within the thirty-day grace period, and that appellee planned to accelerate the note. The same day appellants offered to pay, explaining that their failure to pay the January monthly interest was due to oversight. Appellee rejected their offer. Nonetheless, appellants mailed the payment to appellee. Appellee subsequently filed this action for acceleration of the note and foreclosure under the security agreement. Later, appellee returned appellants’ check for the January 1, 1981 monthly interest payment.
The trial court found appellants were in default and ordered acceleration and foreclosure based on the following findings of fact:
Many of the monthly payments due under the promissory note pertinent to this action from February 29, 1980 to January 1, 1981 were made after the due date, but during the grace period. This payment history of consistently slow payments created a basis for Defendant’s insecurity. In addition, the interest payment due on January 1, 1981 was not made on the due date or within the grace period.
As to the January 1, 1981 interest payment, appellants claim the last day of the grace period fell on Saturday, January 31, 1981, a nonbusiness day for both the parties. Appellants argue that under section 673.503(3), they had until the following business day, Monday, February 2, 1981 to tender payment. We agree. Section 673.-503(3), entitled “Time of Presentment” provides:
Where any presentment is due on a day which is not a full business day for either the person making presentment or the party to pay or accept, presentment is due on the next following day which is a full business day for both parties.
Appellee argues that the section deals with presentment of negotiable instruments for payment, and that it does not apply to appellants who were tendering payment on the note. Appellee claims, in effect, that section 673.503(3) operates in favor of the holder of the note, and not the obligor under the note.
Although section' 673.503 is somewhat unclear as to its application to tender of payment, we find it is only reasonable to apply the statutory extension for due dates falling on nonbusiness days to both parties. Further, we find that the legislative history of section 673.503 indicates that the benefit of the additional time should be extended to both the maker and holder of the note. (See sections 674.01 and 675.03, Florida Statutes (1965), which were effectually superseded by section 673.503.) For these reasons, we find that the payment tendered on Monday, February 2, 1981, was timely under section 673.503.
Without default on the January 1, 1981 interest payment, the only remaining basis for acceleration and foreclosure in the final judgment is the consistent slowness of the payments. We find that payments made within the contractually provided for grace period cannot be the basis for acceleration and foreclosure. See La Boutique of Beauty Academy, Inc. v. Meloy, 436 So.2d 396 (Fla. 2d DCA 1983); Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). We note that appellee alleges that there were many other reasons for the *359 finding that he was insecure under the note; however, we can consider only those findings of fact made by the trial judge. Accordingly, we find that appellants were not in default and reverse the trial court’s order of acceleration of the note and foreclosure under the security agreement.
SCHEB, A.C.J., and SCHOONOVER, J., concur.