477 So.2d 31 (1985)
Wendy M.L. COOPER, As Personal Representative of the Estate of William T. Cooper, Deceased, Appellant,
v.
Angie ALFORD, Appellee.
No. BA-169.
District Court of Appeal of Florida, First District.
October 17, 1985.
George E. Day, Ft. Walton Beach, for appellant.
Siegfried Kessler of Smith, Grimsley, Remington & Kessler, Ft. Walton Beach, for appellee.
THOMPSON, Judge.
This is an appeal from an amended final judgment entered in appellant's favor ordering the disbursement of funds. Appellant contends that the trial court erred in finding that interest commenced to run on the money judgment from the date this court finally determined which party was entitled to recover the liquidated sum. We agree.
The original dispute was a contract action. In an action ex contractu, interest runs from the date a liquidated debt is due. This is so even if there exists an honest dispute as to whether the debt was in fact due. Once it is finally determined the debt was due, the person to whom it was owed is entitled to payment of the principal plus interest from the due date. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955).
When a claim is liquidated, as in the instant case, interest is merely another element of pecuniary damages. The purpose in awarding such interest is to compensate a party for deprivation of property. Once damages and liability are established, a party is to be made whole. Argonaut Insurance Co. v. May Plumbing Co., et al., 474 So.2d 212 (Fla. 1985).
The appellant, however, claims interest only from the date of the original judgment in the lower court. The amended judgment appealed is therefore modified to *32 provide that the appellant is entitled to interest from the date of the original lower court judgment and, as modified, the judgment is affirmed.
MILLS and SMITH, JJ., concur.