LETTS, Judge.
The lender appeals the failure of the trial judge to award attorney’s fees and costs which were provided for in a demand promissory note on which the borrower had defaulted. The trial judge also refused to award interest on the note while in default. We reverse.
The lower court chose not to make these awards because of a contemporaneous memorandum accompanying the note which provided that the loan would be repayable at the rate of three hundred dollars per month (as distinct from the “payable on demand” provision in the note itself) and which memorandum made no mention of attorney’s fees or costs. The court further found that the lender refused tender of the three hundred dollars per month from the borrower. However, though this finding would appear to preclude the ruling that the entire principal sum was due and owing, the borrower has not cross appealed this conclusion.
First of all, we are of the opinion that the note and the memorandum are not at variance as to attorney’s fees and costs. The memorandum, later executed on the same day as the note, says nothing about fees or costs. Accordingly, the note and memorandum are not inconsistent and can be read together. Bardill v. Holcomb, 215 So.2d 64 (Fla. 4th DCA 1968). However, prejudgment interest cannot be awarded because both the note and the memorandum provided that the loan would be interest free. Lattin v. LaFrance, 475 So.2d 299 (Fla. 4th DCA 1985). By contrast, the note did call for interest to accrue while in default.
Assuming, as we must, that the three hundred dollar per month payment was tendered and refused, we were at first *218 somewhat at a loss to explain the trial judge permitting the acceleration and the entry of a final judgment for the entire outstanding balance. However, as previously acknowledged, there has been no cross appeal on this issue and, on closer examination of the facts, we note that this loan was originally oral, unsecured and not reduced to writing until a year later. Oral representations to pay off the loan, as soon as a tort settlement was received, were also made and mutually agreed on. There is no doubt the borrower defaulted on this latter representation. Apparently, that oral promise had been accepted and acted upon in such a manner as to work a fraud on the lender to refuse to enforce it. See King Partitions v. Donner Enterprises, 464 So.2d 715 (Fla. 4th DCA 1985). We, therefore, hold that the loan fell into default upon the receipt of the monies from the tort settlement and that interest began to accrue from that date at the rate provided for default interest under the terms of the note.
This cause is reversed as to attorney’s fees, costs and interest while the loan was in default, but in all other respects affirmed.
REVERSED IN PART AND REMANDED.
ANSTEAD and DELL, JJ., concur.