COBB, Judge.
The mortgagor, Banksville, a Netherlands Antilles Corporation, appeals a summary judgment of foreclosure entered against it in favor of the purchase money mortgagees, trustees under an irrevocable trust agreement. The genesis of the dispute leading to foreclosure was disagreement concerning the mortgagees’ claim to penal interest for payments made after the stated due date, but within a thirty day grace period. Failure to pay such interest was the basis of the declared default.
Banksville asserts that the summary judgment extinguished a plethora of affirmative defenses and implements foreclosure on a multi-million dollar tract of land because of a $17,000.00 interest dispute. Banksville maintains the trustees, over the course of more than four years, “had never previously demanded the extra interest, had unconditionally accepted all previous payments during and after the grace period, and could point to no specific provision in the note articulating with clarity the right to extra interest on grace period payments.”
The disputed provision of the purchase money note provides:
FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby irrevocably acknowledged, BANKSVILLE, N.V., ... promises to pay to the order of [appellees] ... and [Trustees] ... the principal sum of ONE MILLION SIX HUNDRED TWENTY-SIX THOUSAND ONE HUNDRED FIFTY ($1,626,150.00) DOLLARS together with interest thereon at the rate of eleven percent (11%) per annum from date hereof until maturity, both principal and interest being payable in lawful money of the United States, payable in six equal annual payments of principal and interest of $384,883.75 due on the 22nd day of November of each successive year for (6) years until fully paid.
The makers of this note further agree to waive demand, notice of nonpayment *829 and protest, and in the event suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorneys-fees for making such collection. All payments hereunder shall bear interest at the rate of fifteen percent (15%) per annum from default or maturity until paid. A thirty (30) day grace period shall apply to all payments. This note may be prepaid at any time without penalty. Prepayments made to obtain releases shall apply to the final payments and not to the next annual payment.
■ • • [U]pon default in the payment of principal and/or interest and/or failure to perform any other obligation under this note and/or the mortgage, when due, the whole sum of principal and interest remaining unpaid shall, at the option of the holder, become immediately due and payable, without notice. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of subsequent default. [Emphasis supplied].
Without belaboring the point, we disagree with the trial judge’s interpretation of the foregoing language. Nothing in the note provides for “late charges.” The trustees were not authorized to assess a fifteen percent interest charge for payments made within the thirty day grace period. The law in this regard is concisely set forth in 10 C.J.S. Bills and Notes § 262 (1938):
Where days of grace are allowed on an instrument, the allowance is a matter of right and not a matter of grace. The allowance enters into, and forms a part of, the contract, and the instrument does not become due in fact or in law until the last day of grace. The maker of acceptor has the whole of the last day of grace in which to make payment, and he is not in default until the expiration of that day. [Emphasis supplied].
See also Reynolds Aluminum and Masonry Contractors, Inc. v. Alexander, 449 So. 2d 357 (Fla. 2d DCA 1984). Insofar as the language quoted above may be deemed ambiguous as to the effectuation of the fifteen percent interest rate, that ambiguity must be interpreted against the party who selected that language — in this case, the mortgagees. See Consolidated Development and Engineering Corp. v. Ortega Co., 117 Fla. 438, 158 So. 94 (1933). We also agree that the trial court erred in summarily rejecting Banksville’s asserted affirmative defense of waiver and estoppel. The evidence is uncontroverted that the required payments were either made within the grace period or accepted unconditionally immediately thereafter without any mention of fifteen percent interest by the mortgagees. We agree with the trial court to the extent that it found against Banksville on the setoff issue. See Carrigan v. McNeill, 521 So.2d 199 (Fla. 5th DCA 1988). Banksville’s other asserted affirmative defenses are moot as a result of the foregoing opinion.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT FOR THE APPELLANT, BANKSVILLE.
DAUKSCH and ORFINGER, JJ., concur.