## UPDYKE, et al. v BRINKERHOFF PROPERTY MANAGEMENT, INC.

Case No. 90-1091-SP-12-B

County Court, Volusia County

October 11, 1990

**APPEARANCES OF COUNSEL**

**Random R. Burnett, Esquire,** for plaintiffs.

**Bruce A. Hochstetler, Esquire,** for defendant.

**OPINION OF THE COURT**

DARREL CARNELL, County Judge.

### *VERDICT FOR PLAINTIFFS*

Brinkerhoff Property Management, Inc. as agent for unnamed landlords/owners and plaintiffs as tenants entered into a lease of residential premises for a term of one year commencing February 1, 1990. The lease contained the following provision:

"Tenant is aware that property shall be on the market for sale during the term of this agreement. Tenant will allow showing of this property on reasonable notice (24 Hrs. Maximum). Sale subject to lease terms."

Tenants paid the required advance rent and security deposit to Brinkerhoff, paid to have utilities connected and were in the process of moving into the residence on February 2, 1990 when Brinkerhoff notified tenants:

"Due to the sale of the above referenced property it has been requested by Mr. Cecil Bassham, the current owner of said property, that the proposed rental agreement be terminated as soon as possible."

"This is unfortunately necessary due to a projected closing date of February 15, 1990 and the fact that the property is to be occupied by the purchaser."

Tenants thereafter leased another residence and demanded from Brinkerhoff their relocating expenses of $166.87 and the $300.00 annual difference between the agreed rental and that which they were compelled to pay for similar accommodations. When Brinkerhoff refused to make such reimbursement plaintiffs brought this suit on April 12, 1990 to recover their aforesaid damages and attorney's fees. After suit was filed Brinkerhoff refunded to plaintiffs their rental application fee of $20.00, thereby reducing plaintiffs' claim to $446.87.

Brinkerhoff's first affirmative defense is that plaintiffs failed to join the property owners as indispensable parties to the action. The second affirmative defense asserts that Brinkheroff "was acting as agent/broker for the rental of the subject property, and as such is not the real party in interest with regard to any of the claims as presented in Plaintiffs' Complaint." Brinkerhoff's third and final affirmative defense is that "of set-off in that any and all damages which may be recovered by the Plaintiffs must be set-off against damages received by the Defendant in its Third Party Complaint against the owners of the subject property, Cecil Bassham and Ruth Bassham." At the time of trial before the court without a jury on October 10, 1990 the Basshams had not yet been served with Brinkerhoff's third party complaint.

The facts are not in dispute. Although plaintiffs were aware that Brinkerhoff was acting as rental agent for the property owners, the disclosure of such agency does not relieve the agent from personal liability unless it also reveals the name of its principal. 2 Fla.Jur.2d Agency & Employment § 104; *E.A. McQuade Travel Agency, Inc. v*

*Domeck,* (Fla. 4th DCA 1966) 190 So.2d 3; *Creative Property Management, Inc. v Gaines,* (Fla. 5th DCA 1982) 416 So.2d 1266. The law places no burden upon a party dealing with an agent to seek out the identity of the agent's principal; unless the identity of the principal is disclosed the party dealing with the agent may understand that the agent intended to pledge his personal liability and responsibility in support of the contract and its performance. *Van D. Costas, Inc. v Rosenberg,* (Fla. 2d DCA 1983) 432 So.2d 656; *Robinson & St. John Advertising v Lane,* (Fla. 1st DCA 1990) 557 So.2d 908.

Under the circumstances here present the property owners were not indispensable parties to plaintiffs' suit because the liability of an undisclosed principal and his agent is an alternative liability, rather than a joint or joint and several liability. Once the agency relationship has been established the third party *must* elect to hold either the agent or the undisclosed principal liable; he cannot hold both. 2 Fla.Jur2d Agency & Employment § 100; *Hohauser v Schor,* (Fla. 3d DCA 1958) 101 So.2d 169.

A "set-off" is a counter demand which a defendant holds against a plaintiff arising out of a transaction extrinsic of plaintiff's cause of action, and is statutory in origin. *Howard Johnson, Inc. of Fla. v Tucker,* (CCA Fla. 1947) 57 F.2d 959. Statutory authority for setoff in Florida was repealed in 1967. See Trawick, *Florida Practice and Procedure* (1989) § 12-1. The remedy is now governed by Rule 1.170, Fla.Rules of Civil Procedure dealing with counterclaims and cross-claims. Although Brinkerhoff may eventually prevail in its third party claim against the property owners it cannot raise that expectation as a defense to plaintiffs' claim.

Finally, the court concludes that because Brinkerhoff's undisclosed principal failed to comply with the requirements of the rental agreement plaintiffs are entitled to recover from Brinkerhoff not only their damages, but also their attorney's fees. Fla. Stat. (1989) §§ 483.48 and 83.55

The court thus finds, on the undisputed facts and the law as stated above, that plaintiffs, E. JANE UPDYKE and BRANDIE A. ERISMAN, should have and recover of and from defendant, BRINKERHOFF PROPERTY MANAGEMENT, INC., a Florida corporation, damages of $446.87. Jurisdiction is reserved for the purpose of entering judgment in that amount and awarding to plaintiffs their reasonable attorney's fees and costs.

DONE AND ORDERED at Daytona Beach, Florida on October 11, 1990.