UNGARO, U., Associate Judge.
Appellee Lake Nona Corporation (“Lake Nona”) sued appellant Genvest Investments (“Genvest”), pursuant to Chapter 86, Florida Statutes, for a judicial declaration that it had paid all sums due under a certain mortgage note entitling it to cancellation of the mortgage note and a satisfaction of the underlying mortgage. Genvest responded that the mortgage note had not been paid in full because Lake Nona owed interest on delinquent installment payments. The trial court, on cross-motions for summary judgment, found that the mortgage note was non-interest bearing with respect to the late-paid installments and entered final summary judgment for Lake Nona. We reverse and remand with directions.
The subject mortgage note in the stated principal amount of $20,371,076 was made on May 27, 1983, payable in three installments on each succeeding anniversary date as follows:
Interest Total Payment Principal
-0-First Annual $ 8,894,012.00 $ 8,894,012.00 -09
-0-Second Annual 7,932,497.00 7,932,497.00
3,426,435.00 Third Annual 6,971,002.00 3,544,567.00
Total $ 23,797,551.0o[1] $ 20,371,076.00 $ 3,426,435.00
Lake Nona did not pay the first annual installment in full until June 28, 1984,[2] and it did not pay the second annual installment until June 11, 1985.
The mortgage note provides that in the event of a default “in the payment of any of the principal sums or interest mentioned herein.... within 30 days next after the same shall become due”, Genvest may, at its option, accelerate the indebtedness including “accrued interest.” The mortgage note, however, is silent with respect to whether Lake Nona is obligated to pay interest on the first and second installments if paid after the respective due dates.
Florida courts have long held that in actions ex contractu interest is properly awardable from the date a debt becomes due. E.g., Cooper v. Alford, 477 So.2d 31 (Fla. 1st DCA 1985); Creative Property Management, Inc. v. Gaines, 416 So.2d 1266 (Fla. 5th DCA 1982); Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA *789 1975); Florida Home Ins. Co. v. Braverman, 163 So.2d 512 (Fla. 3d DCA 1964); Evans v. Borkowski, 139 So.2d 472 (Fla. 1st DCA) (interest accrues as a matter of law on delinquent amounts payable by contract that fails to specify otherwise), cert. denied, 146 So.2d 378 (Fla.1962); Huntley v. Baya, 136 So.2d 248 (Fla. 3d DCA), cert. denied, 143 So.2d 492 (Fla.1962). Of course, the parties to a loan may agree that a debt is to be interest free until maturity. E.g., Giglio v. Weaner, 503 So.2d 1380 (Fla. 2d DCA), rev. denied, 513 So.2d 1061 (Fla.1987); Spath v. McLaughlin, 490 So.2d 217 (Fla. 4th DCA 1986). However, the mortgage note sub judice does not contain such an understanding between the parties.
In reaching our conclusion that Genvest is entitled to interest on the delinquent payments as a matter of law, we have considered and rejected Lake Nona’s contention that there was no delinquency because the payments were made within thirty days of their respective due dates. In Banksville, N. V. v. McNeill, 529 So.2d 828 (Fla. 5th DCA 1988), we held that a lender was precluded from charging default interest until the expiration of the last day of a thirty day grace period for making payment. In contrast, the pertinent language in the mortgage note sub judice provides that the untimely payment of any of the installments constitutes a default, although Genvest’s right to accelerate in such event is forestalled for a period of thirty days.
On remand, the trial court must determine the interest rate to be applied to the delinquent payments. At all times since the making of the mortgage note, section 687.01, Florida Statutes, has provided that interest shall accrue at the rate of twelve percent unless the parties contract for a lesser or greater rate in writing. In this case, the parties contracted that deferred interest would be payable in a certain amount, i.e., $3,426,435, on the assumption that the first and second installments would be timely paid. Therefore, the trial court will need to conduct an evidentiary hearing to ascertain the rate at which the amount of the deferred interest payment was calculated and apply that rate to the delinquent payments.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.

. It appears to us there is an error in addition in the total of payments on the face of the mortgage note.

. On March 19, 1984, Lake Nona delivered to Genvest’s counsel the sum of $220,525.00, representing certain condemnation proceeds Lake Nona had received from the Orlando Utilities Commission, which sum was to be held in trust pending delivery of a fully executed partial release of mortgage. This sum with interest ($3,994.80) was eventually credited against the first annual installment.