GODERICH, J.
The plaintiffs, Albert Stinson, et al., appeal from an order dismissing their class *506 action. We affirm, in part, and reverse, in part.
The plaintiffs filed a class action suit against United Automobile Insurance Company [United Auto] seeking the return of unearned premiums following the cancellation of the class members’ automobile insurance policies. The plaintiffs alleged that they had each purchased an automobile policy from United Auto, that they had each paid the policy’s premium based on the initial amount quoted by the agent, that United Auto issued the policy not at the initially quoted rate but at a higher rate, that United Auto sought to charge each of them an additional premium and sent each of them a “three option letter” in conformity with section 627.7282, Florida Statutes (1995) [1], that the “three option letter” indicated a specific cancellation date, and that United Auto actually canceled the policy for nonpayment on a date subsequent to the cancellation date indicated in the “three option letter.” As a result of United Auto’s actions, the plaintiffs claimed that United Auto had charged them a premium at the higher rate during the period that the policy remained in effect beyond the cancellation date as stated in the “three option letter.”
The complaint requested a declaration of rights with regard to sections 627.7282 and 627.7283, Florida Statutes (1995), and alleged breach of the insurance contract. The complaint alleged that United Auto had violated section 627.7282(l)(c) because it did not terminate the policy on the date stated on the “three option letter” but rather terminated it upon a later date and kept the interim premium. The complaint also alleged a violation of section 627.7283(1) which governs the time allowed for the return of unearned premiums following the cancellation of an automobile insurance policy. Lastly, the complaint alleged breach of the provisions in the insurance contract that provide for termination and for premium refund in the event of cancellation in accordance with sections 627.7282 and 627.7283.
United Auto filed a motion to dismiss for lack of subject matter jurisdiction arguing that the sole remedy available for a violation of section 627.7283 was a statutory claim as provided by section 624.155(l)(a)(6), Florida Statutes (1995), and that the plaintiffs had failed to give the requisite 60-day written notice of the violation to both the insurer and the Department of Insurance. United Auto argued that there was no cause of action for a violation of section 627.7282 and that the breach of contract claims were merely a regurgitation of the statutory claims.
In opposition, the plaintiffs argued that only a cause of action brought specifically under section 624.155 requires the 60-day written notice. The plaintiffs asserted that they had a cause of action for United Auto’s violation of section 627.7282 and that this Court .had already implicitly accepted their position in Aries Insurance Co. v. Aleman, 695 So.2d 910 (Fla. 3d DCA 1997) and Union American Insurance Co. v. Rodriguez, 696 So.2d 1248 (Fla. 3d DCA 1997), review dismissed, 717 So.2d 541 (Fla.1998). Further, the plaintiffs argued *507 that they had a contractual cause of action based on the insurance policy itself.
After a hearing on the motion, the trial court granted United Auto’s motion to dismiss the entire complaint stating, “This Court finds that Plaintiffs lack standing to maintain this action and, therefore, the Court lacks subject matter jurisdiction to entertain this lawsuit because Plaintiffs failed to comply with the mandatory 60-day notice requirement set forth in § 624.155(2), Florida Statutes.” The plaintiffs’ appeal follows.
The plaintiffs contend that the trial court erred by dismissing their entire complaint for lack of jurisdiction for failure to comply with the 60-day notice requirement found in section 624.155(2)(a). We agree.
Section 624.155(l)(a)(6), Florida Statutes (1995), provides that a person may bring a civil action against an insurer when such person is damaged by a violation of certain enumerated statutes, including section 627.7283. Further, section 624.155(2)(a), Florida Statutes (1995), provides that “[a]s a condition precedent to bringing an action under this section, the department and the insurer must have been given 60 days’ written notice of the violation.”
It is apparent from the record before us that the plaintiffs failed to give the requisite 60-day notice to the Department of Insurance and to the insurer of their intent to bring a civil action as a result of an alleged violation of section 627.7283, and that the trial court properly dismissed that portion of the plaintiffs’ complaint that alleged a violation of section 627.7283.
United Auto urges that this 60-day notice requirement also requires dismissal of the plaintiffs’ claim for a violation of section 627.7282. We disagree based on the plain language of the statute. Section 624.155 creates a cause of action against the insurer for the violation of certain enumerated statutes; however, section 627.7282 is not one of them. Therefore, the plaintiffs are not required to comply with the 60-day notice requirement in order to pursue a claim for a violation of this statute. Further, as the plaintiffs correctly argued below, this Court has implicitly recognized in prior decisions that a cause of action for a violation of section 627.7282 exists. See Aleman; Rodriguez. In addition, section 624.155(7), Florida Statutes (1995), specifically provides that “[t]he civil remedy specified in this section does not preempt any other remedy or cause of action provided for pursuant to any other statute or pursuant to the common law of this state.” Therefore, we reverse that portion of the trial court’s order dismissing that portion of the plaintiffs’ complaint that alleged a violation of section 627.7282.
Lastly, United Auto argues that the plaintiffs’ claims for breach of contract were properly dismissed because they were a mere “regurgitation” of the statutory claims. We disagree.
Because the insurer, as drafter of the policy of insurance, incorporated portions of the language of sections 627.7282 and 627.7283 into the policy, and thereby agreed to be bound by those terms, the plaintiffs properly alleged claims for breach of contract based on those provisions in the policy. Accordingly, we reverse that portion of the trial court’s order dismissing the plaintiffs’ claims for breach of contract.
Affirmed, in part; reversed, in part, and remanded for further proceedings consistent with this opinion.

. Section 627.7282, Florida Statutes (1995), provides, in pertinent part:
(1) Upon a determination by an insurer that ... a policyholder has been charged a premium that is incorrect for the coverage set forth in the insurance application, the insurer shall immediately provide notice to the policyholder of the amount of additional premium due to the insurer and that the policyholder has the following options:
(a)The policyholder has a period of 10 days, or a longer period if specified by the insurer, from receipt of the notice within which to pay the additional amount of premium due and thereby maintain the policy in full force under its original terms.
(b) The policyholder has a period of 10 days, or a longer period if specified by the insurer, from receipt of the notice within which to cancel the policy and demand a refund of any unearned premiums.
(c) If the policyholder fails to timely respond to the notice, the insurer shall cancel the policy and return any unearned premiums to the insured. The date on which the policy will be canceled shall be stated in the notice and shall in no case be less than 14 days after the date of notice.