ANTOON, C.J.
In this appeal, Richard and Belinda Morin challenge a formal opinion rendered by Florida’s Department of Banking and Finance (Department). The question before the Department was whether the Morins were entitled to be reimbursed by the Securities Guaranty Fund for prejudgment interest damages which they suffered as a result of their security dealer’s violation of Florida’s Securities and Investor Protection Act.[1] The Department answered the question in the negative. Upon review, we reverse the Department’s decision as being clearly erroneous.
The Morins deposited $231,862.59 with Schneider Securities Inc. through William McClure to open an account for the purpose of investing funds in securities. During the period of time between March 1993 and June 1993, Mr. McClure misappropriated $45,000 from the Morins’ account. The Morins subsequently sued Schneider Securities Inc. and Mr. McClure in the circuit court. The court entered a final judgment finding that the Morins suffered $45,000 in compensatory damages. The court then tripled the damage award to $135,000 in accordance with the provisions of section 772.11 of the Florida Statutes (1997). The court noted that the Morins had already recovered $45,000 from Schneider Securities Inc. on this claim, and as a result, the damages were reduced to a total of $90,000. The court also awarded the Morins prejudgment interest, court costs, and attorney’s fees.
When the Morins were unable to collect the judgment against Mr. McClure, they submitted a statement of claim to the Department seeking $10,000 reimbursement from the Securities Guaranty Fund. See § 517.131(3), Fla. Stat. (1997). More specifically, the Morins sought reimbursement of their prejudgment interest damages pursuant to section 517.141 of the Florida Statutes which provides in relevant part:
517.141 Payment from the fund.—
(1) Any person who meets all of the conditions prescribed in s. 517.131 may apply to the department for payment to be made to such person from the Securities Guaranty Fund in the amount equal to the unsatisfied portion of such person’s judgment or $10,000, whichever is *584 less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages, excluding costs and attorney’s fees.
(Emphasis added). The Department rejected the Morins’ claim for reimbursement, reasoning that the phrase actual or compensatory damages includes only the principal amount which has been lost by the investor, not prejudgment interest due on that principal amount. The Morins challenge this decision, arguing that the Department’s reasoning conflicts with existing Florida case law and thus must be reversed.
In reviewing this claim of error, we recognize “that an agency is afforded wide discretion in the interpretation of a statute which it is given the power and duty to administer. Its construction of the statute will not be overturned on appeal unless it is clearly erroneous.” Republic Media, Inc. v. Department of Transportation, 714 So.2d 1203, 1205 (Fla. 5th DCA 1998). Thus, absent a finding of clear error, we must affirm the Department’s order.
Generally, a “statute will not be construed to modify the common law unless such intent is evident or the statute cannot otherwise be given effect.” McGhee v. Volusia County, 679 So.2d 729, 733 (Fla.1996). See also Hollar v. International Bankers Insurance Co., 572 So.2d 937 (Fla. 3d DCA 1990), re. dismissed, 582 So.2d 624 (Fla.1991)(holding that statutes must be construed to harmonize with existing law). The common law in Florida is that prejudgment interest is an element of compensatory damages:
[T]he loss theory of prejudgment interest is the law in Florida. Under the loss theory, the plaintiffs loss of the use of funds due him is itself a wrongful deprivation by the defendant of the plaintiffs property. As interest is merely another element of pecuniary damages, once it has been determined that a defendant is liable for a plaintiffs damages, interest should follow as a matter of law.
Florida Steel Corporation v. Adaptable Developments, Inc., 503 So.2d 1232, 1236 (Fla.1986)(citing to Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). See also Napp v. Carman, 576 So.2d 361 (Fla. 4th DCA 1991)). Since section 517.141 of the Florida Statutes makes no mention of superseding the common law with regard to the recovery of prejudgment interest as an element of compensatory damages, we hold that the Department’s decision to construe the statutory phrase actual or compensatory damages as not including prejudgment interest is clearly erroneous. Accordingly, we reverse the Department’s order and remand this matter for further proceedings consistent with this opinion.
REVERSED and REMANDED.
THOMPSON, J., and ORFINGER, M„ Senior Judge, concur.

. § 517.011 Fla. Stat. (1997).