839 So.2d 742 (2003)
Laura PARSONS, Appellant,
v.
HARBOR SPECIALTY INSURANCE COMPANY, Appellee.
No. 4D02-1320.
District Court of Appeal of Florida, Fourth District.
January 29, 2003.
Rehearing Denied March 17, 2003.
Sharon C. Degnan and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellant.
Mark A. Greenberg and Steven C. Teebagy of Powers, McNalis, & Moody, Lake Worth, for appellee.
MAY, J.
The application of section 627.7283, Florida Statutes (2001), to a claim for interest on an unearned insurance premium is challenged in this appeal. The plaintiff appeals an order, which dismissed her first amended complaint with prejudice. We affirm.
The plaintiff purchased an automobile insurance policy from the defendant, effective February 25, 1997. On April 29, 1997, the defendant sent the plaintiff a notice of cancellation, advising her that the policy would terminate on May 9, 1997. Within thirty (30) days of the notice, the defendant issued a check to the plaintiff in the amount of $37.12, representing her unearned policy premium.
The plaintiff filed suit against the defendant in February, 2001. She alleged a claim for interest on the unearned premium, which accrued within the first thirty days following the notice of cancellation.[1]
*743 The first amended complaint alleged a count for declaratory relief, a count for breach of contract, and a count for money had and received.
The defendant moved to dismiss. It argued that section 627.7283, Florida Statutes (2001), exclusively controls an insurer's obligation to pay interest on the refund of an unearned premium. The plaintiff argued that the statute did not expressly abrogate the common law and therefore could not prevent a common law right of action for interest on monies owed. Secondarily, the plaintiff argued that if the statute did abrogate the common law, then it violated her constitutional right of access to the courts.
The trial court determined that the legislature had the authority to and had dictated an insurance company's obligation to pay the insured interest on an unearned premium. Relying on the literal reading of the statute, the trial court dismissed the plaintiff's first amended complaint with prejudice.
Section 627.7283, provides:
(1) If the insured or insurer cancels a policy of motor vehicle insurance, the insurer must return the unearned portion of any premium paid within 30 days after issuance or receipt by the insurer of notice of cancellation. If the unearned premium is not returned within the 30-day period, the insurer must pay 8 percent interest on the amount due. If the unearned premium is not returned within 45 days after receipt of the notice, the insured may bring an action against the insurer pursuant to s. 624.155.
We acknowledge that section 627.7283, does not contain the magic language that it "abrogates the common law." Nevertheless, the statute clearly articulates the legislature's intent that an insurer be given thirty (30) days within which to return an unearned premium. It further clearly states that interest will begin to accrue at the rate of 8% if the refund is not made within that thirty (30) day grace period. Such clarity cannot be overlooked. Modder v. Am. Nat'l Life Ins. Co. of Texas, 688 So.2d 330, 333 (Fla.1997).
We can find no case which expressly states that a right to interest on an unearned premium for car insurance existed at common law. Indeed, to support its position, the plaintiff relies on the general principle that "[a] person to whom a debt is owed is entitled not only to the payment of the principal of the debt but also to interest at the lawful rate." Chelsea Title & Guar. Co. v. Turner, 389 So.2d 691, 692 (Fla. 4th DCA 1980). See also Gallo v. Dep't of Banking & Fin., 749 So.2d 582 (Fla. 5th DCA 2000); M.L. Cooper v. Alford, 477 So.2d 31 (Fla. 1st DCA 1985). We have no quarrel with the principle, but finds its application lost in the context of section 627.7283.
The plaintiff entered into a contract with the defendant for a policy of insurance. The defendant cancelled the policy and returned the unearned premium within thirty days as required by statute. No interest accrued during that time. The trial court properly applied the statute and dismissed the plaintiff's first amended complaint for failure to state a cause of action.
We further hold that section 627.7283, does not deny the plaintiff access to the courts. It does not abolish the insured's right to sue an insurer for the refund of an unearned premium. It does not abolish an insured's right to sue for interest on an unearned premium if not refunded within thirty (30) days. The statute imposes a reasonable restriction on the filing of a claim for interest. See State
*744 Farm Mut. Auto. Ins. v. Warren, 805 So.2d 1074 (Fla. 5th DCA 2002).
AFFIRMED.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] The case was filed as a class action suit, but the class has not yet been certified.