MAY, J.
The proper method by which to enforce an insurance carrier’s obligation to pay interest on unearned premiums, pursuant to section 627.7283, Florida Statutes (1999), is challenged in this appeal. The plaintiff sued the carrier for interest on her unearned premium when the carrier failed to pay her within the 30-day grace period. The carrier claimed that the trial court lacked jurisdiction to consider the case because the insured failed to serve notice on the Department of Insurance 60 days before filing suit, as required by section 624.155, Florida Statutes (1999). The trial court entered summary judgment for the carrier. The plaintiff appeals. We reverse.
The plaintiff purchased auto insurance from American Colonial Insurance Company. Subsequently, the carrier sent a notice of cancellation, effective July 26, 1999. On January 20, 2000, nearly six months later, the carrier issued an unearned premium refund to the plaintiff, but did not include interest.
The plaintiff filed a putative class action alleging a common law claim for interest on the unearned premium. The carrier moved for summary judgment on the ground that section 627.7283, Florida Statutes (1999), requires a claim for unearned interest to be filed, pursuant to section 624.155, Florida Statutes (1999). Under that section, the claimant must notify the Department of Insurance 60 days prior to filing suit. The carrier argued that the plaintiffs failure to comply with this condition precedent warranted entry of a summary judgment in its favor. Relying on Stinson v. United Auto. Insurance Co., 734 So.2d 505 (Fla. 3d DCA 1999), as it was bound to do, the trial court entered summary judgment for the carrier.
Section 627.7283(1) provides:
If the insured or insurer cancels a policy of motor vehicle insurance, the insurer must return the unearned portion of any premium paid within 30 days after issuance or receipt by the insurer of notice of cancellation. If the unearned premium is not returned within the 30-day period, the insurer must pay 8 percent interest on the amount due. If the unearned premium is not returned within 45 days after receipt of the notice, the insured may bring an action against the insurer pursuant to s. 624.155.
§ 627.7283(1), Fla. Stat. (1999).
The plaintiff argues that section 624.155 is not the only theory under which an insured can seek interest on an unearned premium, and that section 627.7283 did not abrogate the common law claim for payment of interest on monies owed. The carrier responds that section 627.7283 does limit the theory by which an insured may seek recovery of this interest and that is by filing a claim under the bad faith statute, section 624.155, Florida Statutes (1999). Each side argues that this court’s recent opinion in Parsons v. Harbor Specialty Insurance Co., 839 So.2d 742 (Fla. 4th DCA 2003), controls the outcome.[1]
The answer lies in a plain reading of the applicable statutes. Section 627.7283 specifically provides that the insured “may bring an action against the insurer pursuant to s. 624.155.” (emphasis added.) It does not use the word “shall.” It does not express a specific intent to abrogate the common law.
*1242 Long-standing rules of statutory construction require we give the language employed by statutes its plain and ordinary meaning. Green v. State, 604 So.2d 471 (Fla.1992). In doing so, we hold that section 627.7283 “permits” an insured to pursue a claim for interest on an unearned premium under section 624.155, but it does not prohibit pursuit of the claim under common law.
Not only does section 627.7283 not mandate a single theory for recouping interest, its reference to section 624.155 bolsters our holding. Section 624.155 specifically provides that the civil remedy it authorized did not “preempt any other remedy or cause of action provided for ... pursuant to the common law of this State.” See § 624.155(7), Fla. Stat. (1999). In this case, the plaintiff did not allege a claim pursuant to section 624.155, but instead relied upon the common law theory that a person to whom a debt is owed is entitled to interest. Chelsea Title & Guar. Co. v. Turner, 389 So.2d 691 (Fla. 4th DCA 1980).
Even though the theory for pursuing interest on an unearned premium may be through either section 624.155 or the common law, section 627.7283 still defines the recovery allowable. As we stated in Parsons, section 627.7283 “does not abolish an insured’s right to sue for interest on an unearned premium if not refunded within thirty (30) days.” 839 So.2d at 743. Rather, “[t]he statute imposes a reasonable restriction on the filing of a claim for interest.” Id.
We note that this opinion appears to conflict with the opinion of the third district in Stinson v. United Automobile Insurance Co., 734 So.2d 505 (Fla. 3d DCA 1999). We are unable to discern from that opinion whether the claim for interest on the unearned premium was sought through section 624.155 or the common law. Thus, we decline to certify conflict.
Based on the foregoing, we reverse the summary judgment and remand the case to the trial court. This remand is without prejudice to the carrier’s remaining defenses.
FARMER, C.J., and GUNTHER J., concur.

. Parsons does not answer the question because we were not asked to address that issue.