KLEIN, J.
This is an appeal from an order dismissing a class action complaint for failure to state a cause of action. The plaintiffs are premium finance companies for private passenger automobile insurance policies issued by the defendant insurer. When these policies are cancelled, the insurer is required by statute to refund unearned premiums within thirty days. The issue is whether the insurer is liable for interest where the premiums are not refunded in thirty days. We hold that interest is recoverable and reverse.
The trial court rested its decision on the difference between the statute involving refunds of unearned premiums to insureds where there is no premium financing, and a different statute pertaining to refunds where there is premium financing. Where there is no financing, the applicable statute is section 627.7283, Florida Statutes, which provides in subsections (1) and (3):
(1) If the insured cancels a policy of motor vehicle insurance, the insurer must mail the unearned portion of any premium paid within 30 days after the effective date of the policy cancellation or receipt of notice or request for cancellation, whichever is later. This requirement applies to a cancellation initiated by an insured for any reason.
[[Image here]]
(3) If the unearned premium is not mailed within the applicable period, the insurer must pay to the insured 8 percent interest on the amount due. If the unearned premium is not mailed within 45 days after the applicable period, the insured may bring an action against the insurer pursuant to s. 624.155.
The statute addressing cancellation and refunds where premium financing is involved is section 627.848, and it provides in subsection (l)(e):
(e) Whenever a financed insurance contract is canceled, the insurer shall, within 30 days of the cancellation date, return the unpaid balance due under the finance contract, up to the gross amount *771 available upon the cancellation of the policy, to the premium finance company and any remaining unearned premium to the agent or the insured, or both, for the benefit of the insured or insureds. The insurer shall, within 30 days of the cancellation date, notify the insured and the agent of the amount of unearned premium returned to the premium finance company and the amount of unearned commission held by the agent. The premium finance company shall, within 15 days after the account has been overpaid, either refund to the insured for the insured’s benefit any refund due on his or her account or, if the refund is sent or credited to the agent, return or credit to the agent the amount of the overpayment and notify the insured of the refunded amount. Within 15 days of receipt of notification from the premium finance company, the agent shall return such amount including any unearned commission to the insured or with the written approval of the insured apply such amount to the purchase of other insurance products regulated by the office. The commission may adopt rules necessary to implement the provisions of this subsection.
The trial court reasoned that, because section 627.848 does not specifically provide for interest, while section 627.7283 does, the legislature did not intend that interest be due on late refunds to premium financers. We disagree for two reasons. First, plaintiffs have assignments from the insureds of their rights to receive the unearned premiums after policies are can-celled. These assignments give plaintiffs the same rights as the insureds to recover interest under section 627.7283(3).
Second, plaintiffs are entitled to interest under the common law. Defendant insurer has provided us with no reason why, in the absence of an assignment, plaintiffs would not be entitled to recover interest under the common law general principle that a person to whom a debt is owed is entitled to interest at the lawful rate. Chelsea Title & Guar. Co. v. Turner, 389 So.2d 691 (Fla. 4th DCA 1980). In addition, if interest were not due, the thirty day grace period in section 627.848(e) would have no teeth. If the legislature had intended to abrogate the common law right to interest under those circumstances, it could easily have done so.
We accordingly hold that the complaint states a cause of action based on the assignments, which give the premium financ-ers the right to recover interest under section 627.7283, and also based on the common law right to recover interest, where the premium has not been refunded within the statutory grace period.

Reversed.

HAZOURI, J. and METZGER, ELIZABETH A., Associate Judge, concur.